IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CB&I FEDERAL SERVICES LLC<br>F/K/A SHAW ENVIRONMENTAL, INC.<br>2370 Towne Center Blvd.<br>Baton Rouge, LA 70806<br><br>      Plaintiff<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY, and its component the<br>FEDERAL EMERGENCY MANAGEMENT<br>AGENCY,<br><br>**Serve:**<br><br>    The Honorable Jeh Johnson<br>    Secretary of Homeland Security<br>    c/o Office of the General Counsel<br>    U.S. Department of Homeland Security<br>    Washington, DC 20528;<br><br>    Civil Process Clerk<br>    United States Attorney's Office<br>    555 Fourth Street, NW<br>    Washington, DC 20530; and<br><br>    The Honorable Eric Holder<br>    Attorney General of the United States<br>    950 Pennsylvania Ave., NW<br>    Washington, DC 20530,<br><br>      Defendant. | Case No. _____ |

**COMPLAINT FOR INJUNCTIVE RELIEF**
(Freedom of Information Act)

For its complaint against the United States Department of Homeland Security ("DHS") and its component the Federal Emergency Management Agency ("FEMA"), Plaintiff CB&I Federal Services LLC ("CFS") alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to enjoin DHS and its component, FEMA, from improperly withholding agency records and to order the production of all improperly withheld agency records.

2. The records in question relate to Contract No. HSFEHQ-05-D-0573 between Shaw Environmental, Inc. ("Shaw")[1] and FEMA (the "FEMA Contract"), and are responsive to a FOIA request that Shaw submitted to various points of contact within DHS, including within its component, FEMA.

## Parties

3. Plaintiff CFS is organized under the laws of Louisiana and maintains its principle place of business in Baton Rouge, Louisiana.

4. CFS is the successor in interest to Shaw Environmental, Inc., the party who submitted the FOIA request at issue. For purposes of consistency with the FOIA request at issue, CFS is referred to in the fact section of this complaint as Shaw.

5. Defendant DHS is an agency of the United States of America under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1). DHS, and specifically its component FEMA, is the federal agency with possession and control of the requested records and is responsible for fulfilling Shaw's FOIA request.

## Jurisdiction & Venue

6. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

7. CFS has exhausted its administrative remedies.

---

[1] On February 13, 2013, Chicago Bridge & Iron Company acquired The Shaw Group Inc. and its wholly owned subsidiary, Shaw Environmental, Inc. Subsequently, Shaw Environmental, Inc. was reorganized and became part of CB&I Federal Services LLC, which is a wholly owned subsidiary of Chicago Bridge & Iron Company.

8. Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

### Facts

9. On July 19, 2013, Shaw submitted a FOIA request ("the Request") to several offices within DHS, including the FEMA FOIA Office and the FEMA Region 6 Office, seeking agency records related to the FEMA Contract. The Request specifically asked that logical groupings of records be released on a rolling basis, as the records became available. A true and correct copy of the Request is attached as Exhibit 1.

10. On July 25, 2013, the FEMA Disclosure Branch acknowledged receipt of the Request and invoked the 10-day extension to respond permitted under 5 U.S.C. § 552(a)(6)(B).

11. On August 30, 2013, Shaw's counsel emailed FEMA to request the status of FEMA's response. FEMA did not respond to this status request.

12. On September 6, 2013, FEMA's statutory response deadline expired.

13. On September 20, 2013, Shaw's counsel emailed FEMA to request the status of FEMA's response. FEMA did not respond to this status request.

14. On October 22, 2013, Shaw's counsel spoke with Ms. Barbara Shipp, a FEMA employee in the FEMA Region 6 Office. Ms. Shipp stated that the FEMA FOIA Office processed all FOIA requests directed to the FEMA Region 6 Office.

15. On October 23, 2013, Shaw's counsel spoke with Mr. Roman Jankowski, the case officer in the FEMA FOIA Office assigned to the Request. Mr. Jankowski explained that FEMA was reviewing potentially responsive records, but he did not provide a definitive time-frame for release.

16. On November 7, 2013, Shaw's counsel left a telephone message for Mr. Jankowski requesting an update on the status of FEMA's response. FEMA did not respond to this status request.

17. On November 13, 2013, Shaw's counsel left a telephone message for Mr. Jankowski requesting an update on the status of FEMA's response.

18. On November 15, 2013, Shaw's counsel spoke with Mr. Jankowski. Mr. Jankowski explained that FEMA was reviewing records and suggested that Shaw's counsel call back in one week for an additional update.

19. On December 5, 2013, Shaw's counsel spoke with Mr. Jankowski. Mr. Jankowski again explained that FEMA was reviewing records, but provided no timetable for release. Shaw's counsel again requested that FEMA produce responsive records on a rolling basis.

20. On December 11, 2013, Shaw's counsel spoke with Mr. Jankowski. Mr. Jankowski indicated that review of the records would take an additional 40 man hours due to the volume. Mr. Jankowski also stated that FEMA preferred to release all responsive records at the same time, rejecting the request for rolling productions.

21. On January 2, 2014, Shaw's counsel spoke with Mr. Jankowski. Mr. Jankowski explained that FEMA would send a letter to Shaw informing Shaw that a third party had filed a FOIA request and provide Shaw an opportunity to object to the disclosure of information. Mr. Jankowski stated that this process was required by regulation, despite Shaw being both the party requesting the records and the party whose records were being requested. Mr. Jankowski did not provide a timetable for release of responsive records.

22. On January 17, 2014, FEMA sent a letter to Shaw, as a party whose business information had been requested. The letter disclosed that "a third party has requested copies of your business information" and provided Shaw the opportunity to redact any sensitive business information prior to release. The FEMA letter enclosed 333 pages of records deemed responsive but potentially exempt from disclosure under FOIA Exemption 4.

23. On February 7, 2014, Shaw responded to FEMA's January 17, 2014 letter with proposed redactions of proprietary business information that was exempt from release and that Shaw did not wish to be released into the public domain.

24. On February 12, 2014, Shaw submitted a letter to Mr. Jankowski, clarifying or withdrawing certain of the numbered paragraphs in the Request and leaving all other paragraphs in the Request intact. A true and correct copy of the February 12, 2014 letter is attached as Exhibit 2.

25. On March 3, 2014, Shaw's counsel emailed FEMA to request the status of FEMA's response to the Request. Mr. Jankowski responded the same day and acknowledged that FEMA had received Shaw's February 12, 2014 letter. Shaw's counsel subsequently requested via email a date certain in which FEMA would produce responsive records. Mr. Jankowski did not respond.

26. On March 5, 2014, Shaw's counsel sent a letter to FEMA demanding a final determination on Shaw's Request no later than March 17, 2014.

27. On March 6, 2014, Shaw's counsel received a telephone call from Ms. Terry Cochran, the FEMA FOIA Office Chief, in response to Shaw's March 5, 2014 letter. During the telephone call, Ms. Cochran provided neither a date certain for the release of documents nor a final determination on the Request.

28. To date, FEMA has not released a single record in response to the Request.

29. To date, FEMA has not made a determination on the Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

## COUNT I - FAILURE TO COMPLY WITH FOIA

30. CFS incorporates each of the foregoing paragraphs of this Complaint.

31. Pursuant to FOIA, 5 U.S.C. § 552(a), CFS has a statutory right to access requested agency records.

32. CFS, through Shaw, submitted a proper FOIA request to DHS and its component agency, FEMA, in accordance with 5 U.S.C. § 552(a)(3)(A).

33. The DHS, by and through its component agency, FEMA, has failed to comply with the time limits prescribed by FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i)-(ii).

34. The DHS, by and through its component agency, FEMA, has improperly withheld agency records responsive to CFS's Request.

35. The DHS, by and through its component agency, FEMA, has failed to conduct a reasonable search for records responsive to the Request.

36. The DHS, by and through its component agency, FEMA, has failed to properly respond to the Request.

## PRAYER FOR RELIEF

WHEREFORE, CFS respectfully requests that this Court enter a judgment for CFS and award the following relief:

a. Enjoin DHS and its component FEMA from withholding the requested records and order said records be produced to CFS in accordance with FOIA, 5 U.S.C. § 552;

b.  Enjoin DHS and its component FEMA from charging CFS for search fees incurred responding to the Request;

c.  Expedite the proceedings in this action;

d.  Award CFS its costs and attorneys' fees reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

e.  Grant CFS such other and further relief as the Court may deem just and proper.

April 16, 2014                                  Respectfully submitted,

/s/ Kevin J. Barnett

Kevin T. Barnett (D.C. Bar No. 1003410)
McKENNA LONG & ALDRIDGE LLP
1900 K Street NW
Washington, DC 20006-1108
(202) 496-7500
kbarnett@mckennalong.com

ATTORNEY FOR PLAINTIFF

Of Counsel:

Christopher W. Myers
McKenna Long & Aldridge LLP
1400 Wewatta Street, Suite 700
Denver, CO 80202-5556
(303) 634-4332
cmyers@mckennalong.com

DC:51106591.8